UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEMAL SIMMONS,

          Petitioner,                         Case No. 17-cv-10863
                                           Hon. Matthew F. Leitman

v.

SHERRY BURT,

          Respondent.
_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

### I

On March 17, 2017, Petitioner Demal Simmons ("Simmons") filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.) The Petition challenges Simmons' convictions in the Wayne County Circuit Court on two counts of possessing cocaine with intent to deliver. Simmons seeks federal habeas relief on one ground: that the police violated his Fourth and Fourteenth Amendment rights during a search of his person. Because Simmons had a full and fair opportunity to litigate this claim in state court, his claim is not cognizable in federal court. Accordingly, the Court will **DISMISS** the Petition.

## II

Simmons was charged with two drug offenses and two weapon offenses. The charges arose from an incident that occurred in the City of Detroit on February 25, 2012. The Michigan Court of Appeals described the circumstances leading to Simmons' arrest and convictions as follows:

> [A]t about 4:25 p.m., Mark Burke of the Commercial Auto Theft Unit (CAT) of the Detroit Police Department observed a 2010 silver QX56 Infinity approaching the southbound John C. Lodge freeway. Burke became suspicious upon seeing the vehicle because a similar vehicle had been stolen in downtown Detroit a few months earlier. Burke called in the license plate number and was informed that there was no lienholder and the vehicle was titled out of Ohio. Burke knew that luxury vehicles were often stolen in Michigan and then driven to Ohio where they were "retagged." These cars were then driven back to Michigan where they were registered with the Secretary of State to make it appear that they were legitimately owned.
>
> Burke briefly followed the vehicle but then another officer, Joseph Fortier, who was in an unmarked CAT vehicle, began following the QX56 Infinity. Fortier followed the vehicle until it parked across the street from 5627 16th Street in Detroit. Fortier and other officers observed defendant enter the home, stay for about a half hour, then leave and drive to a Save–A–Lot grocery store a short distance away. At the grocery store parking lot, the CAT unit's sergeant, Robert Wellman, ordered another officer to make contact with defendant. The officer ordered defendant out of his vehicle and handcuffed him. After the vehicle's door was opened, Wellman immediately saw that a fake vehicle identification number (VIN) had been placed over the original VIN and it was later determined that the vehicle had been reported stolen on July 27, 2011. While handcuffed, defendant consented to being searched and loose powder cocaine packaged in a plastic sandwich bag was discovered in his jacket pocket. Subsequently, a search warrant was issued for 5627 16th Street where police discovered large amounts of cocaine, a digital scale, and items used to package cocaine.

Thereafter, defendant moved to suppress the evidence obtained during the search of his person in the grocery store parking lot on the ground that the officers had no probable cause to stop his vehicle. The prosecution opposed the motion, arguing that the traffic stop of the vehicle was proper because (1) the vehicle matched the description of a vehicle that had been stolen in Detroit recently, (2) this vehicle had no lienholder although it was a $60,000 vehicle and less than a year old, and (3) it was titled out of Ohio—which had been occurring in the "retagging" stolen vehicles. The prosecution argued that these three factors combined to provide a reasonably articulable suspicion to support the decision made by the police to stop this vehicle. The trial court agreed with the prosecution and denied defendant's motion, holding that the three factors relied upon by the police amounted to a sufficient basis for a brief investigatory stop.

*People v. Simmons,* 2015 WL 9257946, at *1 (Mich. Ct. App. Dec. 17, 2015).

Following a bench trial in Wayne County Circuit Court, the state trial judge found Simmons guilty of one count of possession with intent to deliver 450 to 999 grams of cocaine, *see* Mich. Comp. Laws § 333.7401(2)(a)(ii), and one count of possession with intent to deliver 50 to 449 grams of cocaine, *see* Mich. Comp. Laws § 333.7401(2)(a)(iii). The trial judge acquitted Simmons of being a felon in possession of a firearm and of possessing a firearm during the commission of a felony. On January 7, 2014, the trial court sentenced Simmons to prison for eleven to thirty years for the first count and to a concurrent term of eleven to twenty years in prison for the second count.

Simmons appealed his convictions to the Michigan Court of Appeals. On appeal, Simmons argued that the police lacked a reasonably articulable suspicion to

stop him and, therefore, the trial court erred in denying his motion to suppress the cocaine found in his pocket.  The Michigan Court of Appeals disagreed and affirmed Simmons' convictions. *See Simmons*, 2015 WL 9257946.  Simmons alleges that he raised the same claim in the Michigan Supreme Court, which denied leave to appeal on May 24, 2016. *See People v. Simmons*, 878 N.W.2d 862 (Mich. 2016).

Simmons filed the Petition on March 17, 2017.  According to Simmons, the police profiled him when they stopped the vehicle that he was driving even though he had not committed a traffic violation.  He maintains that the police violated his Fourth and Fourteenth Amendment rights when they opened the door of the car, removed the VIN tag, and searched him.  He further asserts that the search and seizure were illegal and that the cocaine which the police found on him was the fruit of the poisonous tree.  Finally, Simmons insists that the decision of the Michigan Court of Appeals was contrary to, or an unreasonable application of, Supreme Court precedent.

### III

To obtain habeas relief from a federal court, a state prisoner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the

4

petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.'" *Day v. McDonough*, 547 U.S. 198, 207 (2006) (quoting Rule 4).

Here, Simmons seeks relief under the Fourth Amendment, which prohibits "unreasonable searches and seizures." U.S. CONST., amend. IV. However, the Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (internal footnote omitted). "[T]he *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013), *cert. denied*, 135 S. Ct. 1174 (2015).

"Michigan provide[s] an adequate avenue to raise a Fourth Amendment claim," *Hurick v. Woods*, __ Fed. App'x __, 2016 WL 7093988, at *3 (6th Cir. Dec. 5, 2016), and Simmons took full advantage of that "avenue." First, he filed a motion to suppress evidence of the cocaine in the state trial court. The trial court then conducted a hearing on the motion and issued a ruling denying the motion.

Next, Simmons appealed the trial court's decision to the Michigan Court of Appeals, which addressed the Fourth Amendment claim on the merits. The Court

of Appeals reviewed the law and facts of Simmons' illegal-search claim. It concluded that "the police had a reasonably articulable suspicion to conduct the brief investigatory stop" and that therefore, the trial court properly denied Simmons' motion to suppress the cocaine found in his pocket. *Simmons*, 2015 WL 9257946, at *3.

Finally, Simmons raised his Fourth Amendment claim in the Michigan Supreme Court in his application for leave to appeal. He raised his constitutional claim at all three levels of state-court review, and he has provided no basis from which the Court could conclude that his claim was frustrated by a failure in Michigan's mechanism for reviewing Fourth Amendment claims. Consequently, this Court is precluded from reviewing the substantive merits of his claim.

## IV

Simmons has failed to show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Accordingly, **IT IS HEREBY ORDERED THAT** the Petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## V

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead,

[the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Simmons' Fourth Amendment claim is barred from substantive review by the United States Supreme Court's decision in *Stone v. Powell, supra.* Consequently, reasonable jurists would not disagree with the Court's resolution of the Petition, nor conclude that the issue deserves encouragement to proceed further.  Accordingly, **IT IS HEREBY ORDERED THAT** a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED THAT** if Simmons appeals this Court's decision he may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this Court, and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 4, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113